

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERASMO PALACIOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 4568 |
| v. ) | |
| ) | Judge Ruben Castillo |
| CITY OF CHICAGO, V.A COFFEE, ) | |
| and L.R. AUGLE, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Erasmo Palacios ("Plaintiff") filed this action under 42 U.S.C. § 1983 against the City of Chicago ("the City") and Chicago police officers Veronica Coffee ("Officer Coffee"), and L.R. Augle ("Officer Augle")[1] (collectively "Defendants") challenging his arrest for soliciting a prostitute and the simultaneous seizure of his car. (R. 1, Compl.) Defendants move to stay or, alternatively, dismiss this case without prejudice pending the disposition of a state proceeding relating to the seizure of Plaintiff's car. (R. 13, Defs.' Mot. to Stay.) For the reasons stated below, the motion to stay is granted.

### RELEVANT FACTS

On November 28, 2006, Officer Coffee and Officer Augle were operating a prostitution sting on South Kedzie Avenue in Chicago, Illinois. (R. 1, Compl. ¶ 6). Officer Coffee was working undercover as a prostitute. (*Id.*) At approximately 8:00 a.m., Plaintiff was arrested for attempting to solicit Officer Coffee and charged with soliciting a sexual act in violation of 720

---

[1] The documents before the Court do not contain Officer Augle's first name. (R. 1, Compl.)

1

ILCS 5/11-14(a). (*Id.* ¶ 7.) As part of the arrest, the officers impounded Plaintiff's car, charging that it had been used "to solicit or patronize a prostitute or to commit an act of prostitution" in violation of Section 8-8-060(d) of the Municipal Code of Chicago. (*Id.* ¶ 10.)

On January 22, 2007, the criminal case against Plaintiff was voluntarily dismissed after Officer Coffee purportedly failed to appear on the date scheduled for trial.[2] (*Id.* ¶ 9; R. 17, Pl.'s Resp. at 1.) On January 23, 2007, Plaintiff received a letter from the City's Department of Administrative Hearings ("DAH") regarding the impoundment of his car. (R. 1, Compl. ¶ 11.) The letter advised Plaintiff that he had been found in default for failing to appear at an administrative hearing scheduled on December 26, 2006, and that a judgment of $4,770 had been entered in his absence. (*Id.*; R. 17-2, Pl.'s Resp., Ex. C, Not. of Hearing; Ex. D, Tr. at 1-2.) On January 29, 2007, Plaintiff filed a motion to set aside the default, which DAH denied. (R. 1, Compl. ¶¶ 12-13.) On April 14, 2007, Plaintiff sought judicial review of the DAH's decision in the Circuit Court of Cook County; the state court granted Plaintiff's motion to set aside the default and remanded the case for a hearing on the merits. (*Id.* ¶ 14; R. 17-2, Pl.'s Resp., Ex. D, Tr. at 3.)

An administrative hearing regarding the seizure of Plaintiff's car was held on November 15, 2007, before an Administrative Law Officer ("ALO"). (*Id.*) Plaintiff and his counsel were present, as was Officer Coffee. (R. 19, Def.'s Reply, Ex. B, Tr. at 1-99.) Plaintiff and Officer Coffee each testified to their version of the events surrounding Plaintiff's arrest, and were both

---

[2] Specifically, the state requested entry of a *nolle prosequi*, which formally indicates that the state is unwilling to prosecute the case. *See People v. Douglas*, 839 N.E.2d 1039, 1045 (Ill. App. Ct. 2005). Entry of a *nolle prosequi* in the record dismisses the indictment or charge at issue and terminates all further prosecution. *Id.*

2

subject to cross-examination. (*Id.*) After hearing the evidence, the ALO found Plaintiff liable of violating Section 8-8-060 and imposed a penalty of $1,000. (R. 19, Defs.' Reply, Ex. C, Findings, Decision & Order.) By this time, Plaintiff had also incurred $12,230 in storage fees, along with a $150 towing fee, making the total judgment $13,380. (*Id.*) On December 18, 2007, Plaintiff filed a complaint for judicial review of the ALO's decision in the Circuit Court of Cook County. (R. 17, Pl.'s Resp. at 2 & Ex. B.) To date, the state complaint remains pending.

## PROCEDURAL HISTORY

In the midst of these state court proceedings, on August 14, 2007, Plaintiff filed this action against Defendants in federal court, alleging that he was wrongfully arrested and his car wrongfully seized by the officers. (R. 1, Compl.) He alleges that he "had not done any criminal act, nor did the Defendants have [a] reasonable [basis to] believe that any criminal act had been committed." (R. 1, Compl. ¶ 8.) He further alleges that "[t]he acts of the Defendants were without probable cause." (*Id.* ¶ 16.) In Count I, Plaintiff alleges that Defendants violated his civil rights under 42 U.S.C. § 1983 in connection with his arrest and the seizure of his car. (*Id.* ¶ 21.) In Count II, Plaintiff alleges a state law claim for false arrest. (*Id.* ¶ 22). In Count III, Plaintiff alleges a state law claim for intentional infliction of emotional distress. (*Id.* ¶ 22)

Defendants move to stay or, alternatively, dismiss this action without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending the outcome of the state court proceeding. (R. 13, Defs.' Mot. at 1.) Defendants argue that Plaintiff's actions on November 28, 2006, and the propriety of the seizure of his car are central issues in both this case and the state proceeding, and that in the interest of comity this Court should abstain until the state court proceeding comes to a conclusion. (*Id.* at 3-4.)

3

## ANALYSIS

In *Younger*, the Supreme Court held that a federal court must abstain from enjoining state criminal proceedings. *Younger*, 401 U.S. at 45-46; *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 665 (7th Cir. 2007). The *Younger* doctrine has since been expanded to prohibit a federal court from enjoining a state civil or administrative proceedings in which important state interests are at stake. *Forty One News*, 491 F.3d at 665; *Nader v. Keith*, 385 F.3d 729, 732 (7th Cir. 2004). The doctrine has also been expanded to require abstention even if the plaintiff in the federal case is not seeking to *enjoin* the state proceeding, but has filed an action for damages that could undermine or preclude the state's consideration of certain issues. *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998); *Nelson v. Murphy*, 44 F.3d 497, 501 (7th Cir. 1995). In essence, "[t]he rule in *Younger v. Harris* is designed to permit state courts to try state cases free from interference by federal courts." *Forty One News*, 491 F.3d at 665.

Under *Younger*, the federal court must abstain when three criteria are met: (1) there is an ongoing state proceeding that is judicial in nature; (2) the proceeding implicates important state interests; and (3) the proceeding offers an adequate opportunity for review of constitutional claims. *Forty One News*, 491 F.3d at 665-66. Abstention is required if these criteria are met, unless the plaintiff can demonstrate the existence of extraordinary circumstances, such as that the pending state proceeding is motivated by a desire to harass or is being conducted in bad faith, or that the plaintiff has an extraordinarily pressing need for immediate relief. *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007); *Stroman Realty v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007).

As an initial matter, Plaintiff appears to argue that this case has no potential for interference with the state case and thus does not trigger any comity concerns. (*See* R. 17, Pl.'s Resp. at 4.) The Court finds this argument unpersuasive. Plaintiff's federal complaint attacks both the legality of his arrest and the seizure of his car; the factual basis for both claims is the same, and the key issue is whether Plaintiff solicited Officer Coffee during their exchange on November 28, 2006. (*See* R. 1, Compl. ¶ 8). The validity of Plaintiff's Section 1983 claim turns on whether the officers had a reasonable basis to believe that Plaintiff solicited Officer Coffee. *See generally Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007) ("In order for [plaintiff] to prevail on his § 1983 false arrest claim, he must show that probable cause for his arrest was lacking."); *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) ("An essential predicate to any § 1983 claim for unlawful arrest is the absence of probable cause."). This is the same issue that was decided in the impoundment hearing. After hearing testimony from both Plaintiff and Officer Coffee, the ALO determined that Plaintiff violated Section 8-8-060 by soliciting Officer Coffee while in his vehicle.[3] This determination is now under review by the state court. Because this Court's resolution of the Section 1983 claim could interfere with the state court proceeding, the *Younger* doctrine applies. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) (*Younger* abstention required where Section 1983 action raised search and seizure issues that could be adjudicated in pending state court appeal and thus "the potential for federal-state friction is

---

[3] Technically, the ALO determined that the City proved by a preponderance of the evidence that Plaintiff violated Section 8-8-060. (R. 19, Defs.' Reply, Ex. B, Tr. at 98.) The preponderance standard is higher than the standard for establishing probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 121 (1975) (probable cause determination "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands"); *United States v. Limares*, 269 F.3d 794, 798 (7th Cir. 2001) ("'probable cause' is something less than preponderance").

5

obvious"); *Mitts v. Marszewski*, No. 97-2029, 1998 WL 26151, at *1 (N.D. Ill. Jan. 14, 1998) (stay required under *Younger* pending completion of state case because "[d]isposition of one action necessarily involves issues which would be raised in the other"); *Patterson v. Leyden*, 947 F. Supp. 1211, 1219 (N.D. Ill. 1996) (*Younger* abstention required in Section 1983 case where unlawful search and seizure issues would likely be argued in pending state case). The Court therefore turns to the specific *Younger* criteria.[4]

As to the first factor, "[t]here is no question that the quasi-criminal prosecution of the violation of an ordinance" is a proceeding judicial in nature that triggers application of the *Younger* doctrine. *Forty One News*, 491 F.3d at 666; *see also Stroman Realty*, 505 F.3d at 662 (administrative proceedings are judicial in nature when they are coercive, such as enforcement proceedings). Further, although the administrative hearing itself has been completed, the state proceeding is still considered "ongoing" because Plaintiff's complaint for judicial review remains pending. *See Majors*, 149 F.3d at 713 (state proceeding "ongoing" where administrative hearing had been completed but plaintiff's petition for judicial review remained pending).[5]

---

[4] For unknown reasons, Plaintiff does not address any of the *Younger* factors or even mention *Younger* in his response. (*See* R. 17, Pl.'s Resp.) The Court nonetheless considers these factors to ensure that abstention is proper under Seventh Circuit precedent.

[5] The analysis is more complicated when the filing of the federal action precedes the state proceeding. *Forty One News*, 491 F.3d at 666. Here, although the city administrative hearing occurred on November 15, 2007, after this case was filed, the administrative enforcement proceeding actually began on November 28, 2006, when Plaintiff's car was seized. (*See* R. 1, Compl. ¶ 10.) Assuming it was determined that this federal suit predated the city administrative proceeding, the question would become how far this case had progressed at the time the administrative proceeding began. *See Forty One News*, 491 F.3d at 666 (abstention appropriate even though federal suit predated state proceeding because "nothing important related to the merits has happened yet" in the federal case). Very little occurred in this case prior to the date of the city administrative hearing, other than a settlement conference conducted by the Court on November 7, 2007. (*See* R. 11, Minute Entry.) Thus, abstention would still be proper.

6

The Court also finds that the state proceeding involves important state interests. "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature. . . ." *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 432 (1982). Thus, the enforcement of a city ordinance involves important state interests. *Forty One News*, 491 F.3d at 666; *Mannheim Video, Inc. v. County of Cook*, 884 F.2d 1043, 1044 (7th Cir. 1989); *Jacobson v. Village of Northbrook Mun. Corp.*, 824 F.2d 567, 568 (7th Cir. 1987); *see also Majors*, 149 F.3d at 713 ("Whether the state proceeds against malefactors administratively or judicially is a distinction irrelevant to the policy behind *Younger* . . . .") (internal citation omitted).

Third, the state proceeding affords Plaintiff an adequate opportunity to raise a constitutional claim. For purposes of *Younger*, a state court's review of an administrative proceeding affords the plaintiff an adequate opportunity to raise his constitutional challenges. *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002); *Majors*, 149 F.3d at 713. Illinois law specifically permits a party seeking administrative review of an agency decision to join a Section 1983 claim to their action pertaining to the agency's decision. *Rogers v. Desiderio*, 58 F.3d 299, 301 (7th Cir. 1995) (*citing Stratton v. Wenona Comm. Unit Dist. No. 1*, 551 N.E.2d 640, 646-47 (Ill. 1990); *see also Stykel v. City of Freeport*, 742 N.E.2d 906, 914-15 (Ill. App. Ct. 2001) (applicants for city firefighter positions could join federal civil rights claims to their action seeking administrative review of the failure to hire). Thus, Plaintiff has an opportunity to raise

his constitutional challenge to the seizure of this car in the pending administrative review action.[6]

Plaintiff argues that a stay should not be granted because he needs discovery from the City in order to demonstrate that ALOs have an incentive to convict and impose fines in the impoundment hearings, arguing that such a "bias" would violate due process. (R. 17, Pl.'s Resp. at 10-13.) The Court is perplexed by this argument, since there are no claims or allegations in the federal complaint pertaining to the legality of the impoundment hearings; instead, Plaintiff's complaint challenges his arrest and the seizure of his vehicle by Chicago police. (*See* R. 1, Compl.) Nevertheless, if Plaintiff wishes to raise a due process claim regarding how the impoundment proceedings are conducted, he can do so in the context of his administrative review action. *See Niles Township High Sch. Dist. 219 v. Ill. Educ. Labor Rel. Bd.*, 859 N.E.2d 57, 64 (Ill. App. Ct. 2006) ("An Illinois court has a duty, under the Administrative Review Act, to ensure that due process was afforded in the administrative hearing."). This Court "must presume that state courts are capable of establishing and administering judicial process consistent with the requirements of the federal constitution." *Barichello v. McDonald*, 98 F.3d 948, 954-55 (7th Cir. 1996).

Last, there is no indication, or even any argument, that extraordinary circumstances exist in this case that would make abstention improper. *See Green*, 281 F.3d at 667. Accordingly, the Court will abstain pursuant to *Younger*.

---

[6] The Court notes additionally that Illinois has a liberal policy in favor of permitting amendments to pleadings, which may be made "[a]t any time before final judgment . . . on just and reasonable terms," even if the amendment changes the cause of action or defense or adds new causes of action or defenses. 735 ILCS 5/2-515(a); *Hearne v. Bd. of Educ. of the City of Chicago*, 185 F.3d 770, 777 (7th Cir. 1999).

8

The question then becomes whether the action should be stayed or dismissed. "The crucial fact in this determination is whether damages are available in the state proceeding." *Majors*, 149 F.3d at 714. If damages are allowed in the state proceeding, the action should be dismissed. *Majors*, 149 F.3d at 714; *Green*, 281 F.3d at 667. If damages are not available in the state court proceeding, then the case should be stayed rather than dismissed, so that the plaintiff's claim for damages does not become barred by the statute of limitations while the state case is pending. *Majors*, 149 F.3d at 714; *Simpson*, 73 F.3d at 139.

As stated above, Plaintiff can raise a Section 1983 claim challenging the seizure of his vehicle in the administrative review action and potentially obtain damages for this claim. However, Defendants have not argued that Plaintiff would be able to raise a Section 1983 claim challenging his *arrest* in the state case; it is not clear that he could do so given the limited scope of Illinois administrative review proceedings and the fact that Plaintiff's arrest was not at issue in the impoundment hearing. *See Stykel*, 742 N.E.2d at 912-14 (discussing limited scope of administrative proceedings and prohibiting plaintiff from adding claims for declaratory relief and breach of contract). Under these circumstances, the appropriate course is to stay rather than dismiss Plaintiff's case. *See Simpson*, 73 F.3d at 139 (stay as opposed to dismissal was proper where the plaintiff "had no opportunity, as best as we can tell, to pursue his request for monetary relief" in state proceeding).

As a final matter, the parties argue at length about whether the city administrative proceeding should be given preclusive effect under Illinois law. (R. 17, Pl.'s Resp. at 4-14; R. 19, Defs.' Reply at 6-13.) The preclusive effect of a state judgment is not the operative consideration in determining whether *Younger* applies; instead, as stated above, the issue is

9

whether the federal case would interfere with the state proceeding. Nevertheless, the Court disagrees with Plaintiff that a determination that he violated Section 8-8-060, if affirmed by the state court, could not impact his Section 1983 claim. Federal courts generally accord preclusive effect to issues decided by state courts because "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (collateral estoppel can be invoked against a Section 1983 claimant to bar relitigation of Fourth Amendment search and seizure claim decided against him in a state suppression hearing); *Guenther v. Holmgreen*, 738 F.2d 879, 888 (7th Cir. 1984) ("[A] state court's finding that the arrest was legal—*i.e.*, supported by probable cause—would foreclose a § 1983 claim that the arresting officer acted in bad faith."). The Court also disagrees with Plaintiff's suggestion that an administrative determination cannot have a preclusive effect, because as the Seventh Circuit has recognized, "principles of preclusion are fully applicable when the first suit is an administrative-review action in state court." *Rogers*, 58 F.3d at 301.

Whether a state court's judgment is entitled to preclusive effect requires a careful parsing of the precise issues decided in the state case and consideration of numerous factors, including whether the plaintiff was given a full and fair opportunity to litigate his claims in state court. *See* 28 U.S.C. § 1738; *Allen*, 449 U.S. at 104. It would be premature for the Court to make these assessments now, since the administrative determination is presently on appeal and it is unknown how the state court will rule. "A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion." *Rogers*, 58 F.3d at 302.

10

Instead, the sensible approach is to "stay proceedings until an earlier-filed state case has reached conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion." *Id.* That is the approach the Court intends to take here.

## CONCLUSION

Defendants' motion (R. 13) is granted, and this action is stayed pending final resolution of the state proceeding. The trial date is hereby vacated. This lawsuit will be administratively closed with full leave to reopen once the state proceedings are completed. The parties are again encouraged to fully exhaust all remaining settlement possibilities for this dispute in light of this opinion.

Enter:

_____
Judge Ruben Castillo

Dated: February 20, 2008